**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

LUCAS SILVA, individually and
on behalf of others similarly situated,

    Plaintiff,

vs.                                CASE NO:

JAMES RIVER INSURANCE COMPANY,
an Ohio Corporation,

    Defendant.

_____/

## NOTICE OF REMOVAL

JAMES RIVER INSURANCE COMPANY ("James River") removes this case from the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida, to the United States District Court for the Southern District of Florida. James River removes this action pursuant to: (i) 28 U.S.C. §§ 1441 and 1446; (ii) the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453; and, alternatively, (iii) diversity jurisdiction under 28 U.S.C. § 1332(a). James River states in support of removal as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1. This lawsuit is LUCAS SILVA's ("Silva") second attempt to avoid federal court.

2. Silva brings a putative class action challenging James River's practice of paying actual cash value ("ACV") on total-loss vehicle claim settlements.

3. Silva initially filed suit against James River in the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida, Case No. 50-2019-CA-012154-XXXX-MB, styled *Lucas Silva, et al. v. James River Ins. Co.* ("First Action").

4. James River removed the First Action to this Court on 10/23/2019. (*See Lucas Silva, et al. v. James River Ins. Co.*, Case No. 9:19-cv-81442-RLR.)

5. Silva did not oppose removal, but on 10/30/2019, Silva filed a "response" to James River's notice of removal, claiming "no preference concerning whether th[e] [First Action] is litigated in state or federal court," yet confusingly urging the Court to "question" whether jurisdiction was proper. (*Id.*, DE 5, ¶5.)

6. The Court did not grant Silva's request to "question" jurisdiction.

7. On 11/13/2019, James River filed a motion to compel appraisal and to dismiss the First Action. (*Id.*, DE 13.)

8. Instead of responding to James River's motion, Silva filed an amended complaint. (*Id.*, DE 10.)

9. Silva's amended complaint was identical to the original complaint, except for alterations and manipulations clearly intended to evade the policy's appraisal provision. (*Id.*)

10. On 12/11/2019, James River renewed its motion to compel appraisal. (*Id.*, DE 16.) Also, James River filed a motion to stay all discovery pending completion of appraisal. (*Id.*, DE 17.)

11. On 12/13/2019, the Court entered an Order directing Silva to file an expedited response stating "why th[e] case should not be stayed pending appraisal between the parties." (*Id.*, DE 18.) The deadline for Silva's response was 12/20/2019. (*Id.*)

12. On 12/19/2019—one day prior to Silva's deadline—Silva filed a voluntary dismissal of the First Action. (*Id.*, DE 19.)

13. Unbeknownst to James River and the Court, Silva simultaneously filed this action in the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida, Case No. 50-2019-CA-016151-XXXX-MB, styled *Lucas Silva, et al. v. James River Ins. Co.* ("Second Action").

14. The complaint in the Second Action is nearly identical to the complaint in the First Action. Silva claims that James River breached its policy by failing to pay "title transfer and registration transfer fees" on total loss claim settlements. A complete copy of the Second Action is attached as Exhibit "A."

15. The filing of the Second Action is nothing more than a transparent and sham attempt to avoid this Court's jurisdiction and otherwise evade this Court's order requiring Silva to show cause why his case should not be stayed pending completion of appraisal.

16. "Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010) (citing *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176 (1907)). "As the right to remove an action which falls within the jurisdiction of the federal courts is a substantial right, the federal courts … should be astute not to permit devices to become successful which are used for the very purpose of destroying that right." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214-15 (8th Cir. 2011) (internal citations omitted).

17. Silva alleges in the Second Action, like the First Action, that James River has a pattern and practice of failing to pay ACV of motor vehicles that are declared a "total loss," which are submitted as claims under comprehensive and collision coverage in James River's motor vehicle insurance policies.

18. James River's motor vehicle insurance policies contain provisions outlining the amount it must pay for comprehensive and collision coverage for total loss vehicles. These provisions establish a limit on James River's liability for ACV on total loss vehicles.

19. According to Silva, these provisions require James River to pay various elements of loss, including sales tax, registration fees, and title fees.

20. The Second Action seeks breach of contract and declaratory relief against James River. Silva further contends that monetary damages are appropriate and asserts a claim for attorney's fees and costs.

## GROUNDS FOR REMOVAL UNDER CAFA

21. This case is removable under 28 U.S.C. §§ 1332(d), 1441(a), and 1453 of CAFA.

22. **REMOVAL IS TIMELY.** The Second Action was filed on 12/19/2019 and served on 1/2/2020. The notice of removal is accordingly timely filed within 30 days after James River was formally served with the complaint. *See* 28 U.S.C. § 1446(b)(3); *Murphy Bros., Inc. v. Michetti Pipe String, Inc.*, 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."); *Edwards v. Apple Computer*, 645 Fed. Appx. 849, 852 (11th Cir. Mar. 9, 2016) ("A defendant's time to remove is triggered by service of the summons and complaint, or receipt of the complaint through service or otherwise, and not by receipt of the complaint 'unattended by any formal service.'") (quoting *Murphy Bros.*, 526 U.S. at 347-48).

23. **THIS COURT HAS ORIGINAL JURISDICTION.** This action is within the original jurisdiction of this Court, and removal is therefore proper under CAFA, 28 U.S.C. §§ 1332(d), 1441(a), and 1453.

24. Under 28 U.S.C. §§ 1332(d)(2) and (d)(5)(B), this Court has original jurisdiction. Under these sections, original jurisdiction exists when: (i) the civil action in question is a class action in which there are at least 100 putative class members; (ii) diversity of citizenship exists

between any class member and any defendant; and, (iii) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

25. Unlike traditional diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In light of *Dart Cherokee*, the Eleventh Circuit has held: "Applying this binding precedent from the Supreme Court, we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

26. **THE PROPOSED CLASS EXCEEDS 100 MEMBERS.** A civil action constitutes a "class action" under CAFA if: (i) it is "filed under rule 23 of the Federal Rules of Civil Procedure *or similar State statute* or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action;" and, (ii) "the number of members of all proposed plaintiff classes in the aggregate is [more] than 100." *See* 28 U.S.C. §§ 1332(d)(1)(B), (d)(2), and (d)(5)(B) (emphasis added).

27. The Second Action attempts to assert the purported claims in this case pursuant to Florida Rule of Civil Procedure 1.220 on behalf of the following putative class ("Class"):

> All insureds, under any Florida policy issued by James River Insurance Company and its subsidiaries who submitted a first-party claim for property damage where the insured vehicle was determined to be a total loss and whose claim was adjusted as a total loss within the five-year time period prior to the date on which this lawsuit was filed until the date of class certification, and who were not paid Transfer Fees of at least $79.85 as part of the total-loss claim payment.

(*See* Compl., ¶53.)

28. Silva alleges he believes the number of class members well exceeds the threshold of 100: "In Section II of [James River]'s Insurance Policy, entitled 'PHYSICAL DAMAGE COVERAGE,' which is representative of the policy language governing *the **thousands** of*

*insureds in the putative Class*, [James River] states, in pertinent part, that [James River] 'will pay for 'loss' to a covered 'auto'.'" (*Id.*, ¶32.) (emphasis added).

29. Without admitting the allegations of the Complaint, James River has tentatively identified over 100 members that potentially fit the description of the "Class" as defined by Silva in the complaint, well exceeding the 100 class member threshold. The action is accordingly a "class action" under 28 U.S.C. § 1332(d)(1)(B), (d)(2), and (d)(5)(B).

30. **DIVERSITY OF CITIZENSHIP EXISTS.** Diversity of citizenship exists under § 1332(d). Under CAFA, diversity of citizenship is established where "any member of a class of plaintiffs is a citizen of a State different from any defendant." Courts often refer to this as "minimal diversity." *See Hill v. Nat. Ins. Underwriters, Inc.*, 641 Fed. Appx. 899, 901-02 (11th Cir. Jan. 14, 2016).

31. For purposes of 28 U.S.C. § 1332(d), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

32. Here, Silva alleges that he was at all times, including the time this action was commenced, and this notice filed, "an adult citizen of the State of Florida, residing in Palm Beach County, Florida." (Compl., ¶11.) Silva is accordingly a citizen of Florida.

33. James River was at all times, including the time this action was commenced, and this notice filed, an Ohio corporation with its principal place of business in Richmond, Virginia. James River is accordingly a citizen of Ohio and Virginia.

34. Because Silva is a citizen of Florida, and James River is a citizen of a different state, diversity of citizenship exists under CAFA. 28 U.S.C. § 1332(d)(2)(A).

35. ***THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.*** A district court has original jurisdiction of an action between citizens of different states where, in the case of a class action, the "[amount] in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(d)(2).

36. To determine whether the matter in controversy exceeds the $5,000,000 threshold, "the claims of individual class members shall be aggregated." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 590 (2013). "And those 'class members' include 'persons (named or unnamed) who fall within the definition of the *proposed* or certified class.'" *Id.* (quoting 28 U.S.C. § 1332(d)(1)(D)); *see also*, *South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312 (11th Cir. 2014).

37. Here, Silva did not plead a specific amount in controversy. Rather, Silva merely alleged the amount in controversy exceeded $15,000 in order to satisfy the jurisdictional requirements for state circuit court jurisdiction. *See* Compl., ¶5. *See also*, *Ellison v. Coca-Cola Refreshments USA, Inc.*, 2:15-cv-00246, 2015 WL 6769449, at *1 (M.D. Fla. Nov. 6, 2015) ("In this case, the state court complaint has not demanded any particular sum, and Florida practice permits recovery in excess of the amount demanded in the complaint. Therefore, the issue is whether Defendant's Notice of Removal has plausibly alleged that the amount in controversy exceeds $75,000.").

38. In these circumstances, the U.S. Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87-88. "In other words, all

that is required is a 'short and plain statement of the grounds for removal,' including 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Dudley*, 778 F.3d at 912 (quoting *Dart Cherokee*, 574 U.S. at 89). *See also*, *Goldstein v. GFS Mkt. Realty Four, LLC*, 16-cv-60956, 2016 WL 5215024, at *3 (S.D. Fla. Sept. 21, 2016) (a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and it "need not contain evidentiary submissions" that prove the amount).

39. In this case, the amount put in controversy by Silva's and the putative class members' claims, in the aggregate, plausibly exceed the sum or value of $5,000,000, exclusive of interest and costs. The complaint seeks declaratory relief (Count II) and breach of contract (Count I) damages on behalf of the putative class.

40. During the alleged class period, starting 12/19/2014 through the present date, Silva alleges that James River "systematically underpaid amounts that James River owed not just to [Silva], but to [thousands of] other members of the putative Class[.]" (Compl., ¶2.)

41. James River's own independent research has tentatively identified over 7,000 insureds that made first-party claims that could be implicated by the proposed class. These potential members comprise all insureds making first-party claims under similarly worded James River insurance policies.

42. Silva claims that every member of the Class is entitled to "vehicle title and registration fees" under the policy. The "minimum" sum of "vehicle tile and registration fees," according to Silva, is approximately $79.85 per Class member. (Compl., ¶53.)

43.  Assuming as few as half of the 7,000 potential class members have total loss claims, then that would potentially leave 3,500 class members. 3,500 class members multiplied by $79.85 (title and registration fees) equals $280,000.

44.  Moreover, here, Silva is also seeking to recover prevailing party attorney's fees under Fla. Stat. §§ 627.428 and 57.041. (Compl., ¶64 and "Relief Requested," ¶5.) A "reasonable amount" of attorney's fees authorized by statute may therefore be "included in the amount in controversy" computation. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). *See also*, *Bele v. 21st Century Centennial Ins. Co.*, No. 6:15-cv-526, 2015 WL 3875491, at *3 (M.D. Fla. May 15, 2015). Prevailing party attorney's fees in this action could easily exceed millions of dollars. Indeed, the same law firms representing Silva in this matter recovered $5.6 million and $6.3 million in attorney's fees, respectively, in other cases where they were pursuing the same arguments. (*See* Motion for Preliminary Approval of Proposed Class Action Settlement at pgs. 5-6, *Jones v. GEICO, et al.*, No. 6:17-cv-891 (M.D. Fla. Dec. 18, 2019), DE 197; Order Preliminarily Approving Class Settlement, *Jones v. GEICO, et al.*, No. 6:17-cv-901 (M.D. Fla. Jan. 6, 2020), DE 201; *see also*, Report and Recommendation Regarding Verified Motion for Attorneys' Fees at pgs. 14-28, *Roth v. GEICO Gen. Ins. Co., et al.*, No. 16-62942 (S.D. Fla. Nov. 14, 2019), DE 328; Order Approving Report of Magistrate at pgs. 3-4, *Roth v. GEICO Gen. Ins. Co., et al.*, No. 16-62942 (S.D. Fla. Jan. 10, 2020), DE 333. For the Court's convenience, a copy of these documents are attached as Composite Exhibit "B.")[1]

45.  Consistent with these figures, James River also discovered a virtually identical putative class action lawsuit filed by the same law firm representing Silva in this action. (*See Derrick McGowan v. First Acceptance Ins. Co., Inc.*, No. 8:19-cv-01101 (M.D. Fla. filed

---

[1] By highlighting Silva's demand, James River does not concede that this claim has any merit or even that Florida Statue § 627.428 applies.

5/8/2019). In that lawsuit, the plaintiff sought damages against an auto insurer, like James River, based on the insurer's failure to pay registration fees, title fees, and sales tax for total loss vehicles. (*Id.,* DE 1.) Plaintiff admitted in that action that the amount in controversy exceeded $5,000,000. (*Id.*, DE 1, ¶5.)

46. James River believes that the declaratory relief and compensatory damages sought in the Second Action are too individualized and otherwise not proper for class certification. James River nevertheless provides the above calculations of the aggregate amount at issue in this case solely for the purpose of evaluating the amount in controversy under CAFA. *Dudley*, 778 F.3d at 913 ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the ligation.") (quoting *Pretka*, 608 F.3d at 751).

47. It is therefore plausible that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

## THE CAFA EXCEPTIONS DO NOT APPLY

48. The mandatory and discretionary exceptions to removal under 28 U.S.C. § 1332(d) do not apply in this case.

49. ***THE "LOCAL CONTROVERSY" EXCEPTION DOES NOT APPLY.*** Even though many of the putative class members may be citizens of Florida, CAFA's "local controversy" exception, set forth in 28 U.S.C. § 1332(d)(4)(A), does not apply. This exception applies only if, among other factors:

> at least 1 defendant is a defendant – (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(A)(i)(II). As noted above, James River is a citizen of Ohio and Virginia – not Florida, "the State in which [this] action was originally filed." *Id.*

50. **THE "HOME STATE CONTROVERSY" EXCEPTION DOES NOT APPLY.** Similarly, even though many of the putative class members may be citizens of Florida, CAFA's "home state controversy" exception, set forth in 28 U.S.C. § 1332(d)(4)(B), does not apply. CAFA's "home state controversy" exception requires a court to decline CAFA jurisdiction if "two thirds or more of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). As established above, James River is a citizen of Ohio and Virginia – not Florida, "the State in which [this] action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Accordingly, this exception cannot apply.

51. **THE DISCRETIONARY EXCEPTION DOES NOT APPLY.** Finally, the discretionary exception to CAFA jurisdiction is also inapplicable in this case. 28 U.S.C. § 1332(d)(3)(A)-(F). Under CAFA, a court may, at its discretion, decline to exercise CAFA jurisdiction if "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." *Id.* Because James River is a citizen of Ohio and Virginia – not Florida – this exception cannot apply.

### GROUNDS FOR REMOVAL UNDER DIVERSITY JURISDICTION

52. Alternatively, removal is appropriate under traditional diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

53. **DIVERSITY JURISDICTION.** The requirements for diversity jurisdiction are met in this case. Pursuant to the diversity statute, "[t]he district courts shall have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1). This action satisfies both of these statutory requirements. Further, a purported class action can be removed based on traditional diversity without relying on the CAFA, if there is complete diversity between the named plaintiff and the defendant, and at least one named plaintiff alleges damages worth more than the jurisdictional amount of $75,000.

54.     **THERE IS COMPLETE DIVERSITY OF CITIZENSHIP.** The complaint in the Second Action alleges that Silva was at all times, including the time this action was commenced, and this notice filed, "an adult citizen of the State of Florida, residing in Palm Beach County, Florida." (Compl., ¶11.) Silva is accordingly a citizen of Florida. James River was at all times, including the time this action was commenced, and this notice filed, an Ohio corporation with its principal place of business in Virginia. James River is accordingly a citizen of Ohio and Virginia. Thus, there is complete diversity of citizenship between plaintiff and defendant James River.

55.     **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.** Silva alleges damages in excess of the state circuit court jurisdictional threshold of $15,000. (Compl., ¶5.) Silva also seeks actual damages in the form of title and registration transfer fees. (Compl., Pg. 15, ¶5.) Further, Silva seeks declaratory relief with respect to title and registration transfer fees. (Compl., ¶¶76-89.) Finally, Silva seeks attorney's fees pursuant to Fla. Stat. § 627.428. To the extent that Silva seeks to recover his attorney's fees in prosecuting (and then dismissing) the First Action, those costs may already have amounted to tens of thousands of dollars.[2] Moreover, as shown above, the attorney's fees in the Second Action could easily reach millions of dollars.

---

[2] James River does not concede that any attorneys' fees incurred in prosecuting a different case that Silva voluntarily dismissed are recoverable in this action, but the amount may be in controversy here.

Notably, the legal and factual issues in this case are novel and complex regardless of whether the claims are brought by a single insured, or on behalf of several insureds. Even a fraction of Silva's law firms' previous attorney's fee recoveries in similar actions far exceeds the minimum jurisdictional threshold of $75,000. Consequently, the amount in controversy is plainly satisfied.

56.     **SUPPLEMENTAL JURISDICTION.** Lastly, this Court has supplemental jurisdiction over the putative class members' claims pursuant to 28 U.S.C. § 1367, even if some of their claims do not satisfy the jurisdictional threshold. As the Supreme Court concluded in *Exxon Mobil Corp. v. Allapattah Services*, 545 U.S. 546, 549 (2005), "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement," a district court may authorize supplemental jurisdiction over the claims of putative class-action plaintiffs "even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction."

## PROCEDURAL STATEMENT

57.     **PROCESS AND PLEADINGS.** Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and all other process, pleadings, and orders filed in the Second Action are attached as Composite Exhibit "C."

58.     **REMOVAL IS TIMELY.** A notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b). The Second Action was served on James River on 1/2/2020. This notice of removal is therefore timely filed.

59. **REMOVAL TO PROPER COURT.** This Court is the "district court for the United States for the district and division within which" the Second Action is pending. 28 U.S.C. § 1446(a). James River's notice of removal has accordingly been filed in the proper court.

60. **NOTICE TO STATE COURT.** A copy of James River's notice of removal is being filed with the Clerk of the Court of the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida, and written notice is being served on Silva as required by 28 U.S.C. § 1446(d).

61. James River reserves all defenses and objections to Silva's claims.

WHEREFORE, James River removes this action from the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida, to the United States District Court for the Southern District of Florida.

    Respectfully submitted,

    /s/ AARON WARREN
    **SINA BAHADORAN**
    Florida Bar No: 523364
    Sina.Bahadoran@clydeco.us
    **AARON WARREN**
    Florida Bar No: 96162
    Aaron.Warren@Clydeco.us
    **SERGIO BUENO**
    Florida Bar No: 112401
    Sergio.Bueno@clydeco.us

    CLYDE & CO US LLP
    1221 Brickell Avenue, Suite 1600
    Miami, Florida 33131
    T: 305.446.2646

## **CERTIFICATE OF SERVICE**

I CERTIFY that on January 17, 2020, I e-filed this document using CM/ECF system. I further certify that I am not aware of any non-CM/ECF participants.

/s/ AARON WARREN
**AARON WARREN**
